UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY KELLEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:24-cv-506

Hon. Paul L. Maloney

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter becomes before the Court on Plaintiff Jeremy D. Kelley's objection (ECF No. 16) to the April 15, 2025, Report and Recommendation ("R&R"). (ECF No. 15.) Magistrate Judge Green issued the R&R, which would affirm the Commissioner of Social Security's ("Commissioner") decision. The Court will adopt the R&R over Plaintiff's objection.

### I.

This is an action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Section 405(g) limits this Court's review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it must stand.

## II.

### A.

After service of a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

### B.

The social security regulations articulate a five-step sequential process for evaluating a disability. *See* 20 C.F.R. ¶¶ 404.1520(a-f), 416.920(a-f).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§

404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

3

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2).

Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity ("RFC") is determined. *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x. 313, 315 (6th Cir., Jan. 7, 2020).

### III.

Plaintiff raises two objections. Neither are meritorious. The Court will adopt the R&R.

### A.

Plaintiff's first objection argues that the R&R misapplied "the applicable rules and regulations governing consideration of impairments under" the Social Security Act's "sequential analysis process." (Pl.'s Obj. to R&R, PageID.844.) Specifically, Plaintiff argues that the magistrate judge erred in adopting the ALJ's analysis because "[o]nce the ALJ found Mr. Kelley did not have a medically determinable impairment, the regulations prohibited her from ascribing limitations based on Mr. Kelley's ADD." (*Id.*, PageID.845.) This error, however, was harmless.

Here, Plaintiff was found to have at least one severe impairment at step two: diabetes mellitus, diabetic neuropathy, major depressive disorder, and generalized anxiety disorder. (ECF No. 8-2, PageID.42.) The ALJ noted that Plaintiff did not allege a medically determinable impairment of ADD. (*Id.*) As a result, the ALJ should not have considered that impairment in its step four/residual functional capacity analysis. 20 C.F.R. § 404.1545. At step three, Plaintiff's impairments did not meet or medically equal the criteria of any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. Thus, Plaintiff was not *per se* disabled and the ALJ was authorized to proceed to step four—whether the claimant's residual functional capacity enables the claimant to perform past relevant work. The record indicates that the ALJ considered Plaintiff's ADD impairments and other non-severe impairments in completing its residual functional capacity. (*Id.*, PageID.42-45, 269; ECF No. 8-7, PageID.365.) Plaintiff contends that this was an error and the Court should remand the proceeding.

As the record shows, the ALJ had substantial evidence in determining that Plaintiff's ADD was a nonmedically determinable impairment. A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques[,]" and "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. The record does not contain a formal diagnosis of ADD, and as Plaintiff acknowledged, his ADD was diagnosed "years prior to his alleged onset date[.]" (ECF No. 12, PageID. 799-800.) Moreover, Plaintiff could

5

manage the impact of his symptoms. (ECF No. 8-9, PageID.533-39.) Accordingly, the ALJ relied on substantial evidence for this finding.

Consequently, the ALJ was not required to include Plaintiff's ADD symptoms in the residual functional capacity. But it did. This was, however, a harmless error.[1] On the other hand, if the ALJ had erred in finding an impairment non-medically determinable and did not include it in the RFC, the subsequent analysis would have been defective. The latter did not happen here. Thus, the Court overrules Plaintiff's first objection.

### B.

Plaintiff's second objection argues that even "if the ALJ had found Plaintiff's ADD a non-severe (but medically determinable) impairment, her reliance on his ability to work at a banquet facility and as a part-time caretaker for his grandmother do not provide substantial evidence of his ability to perform full time, substantial gainful activity." (Pl.'s Obj. to R&R, PageID.845.) The Court overrules this objection, too. To start, it is not this Court's role to review the ALJ's decision "*de novo.*" *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). This objection raises issues that would require this Court to do so; importantly, the

---

[1] "An ALJ is not required to consider impairments that are not medically determinable when assessing a claimant's RFC." *Ashley P. v. Comm'r of the SSA*, No. 2:24-cv-00696, 2025 WL 951102, at *12 (S.D. Ohio Mar. 31, 2025) (citing *Durbin v. Comm'r of Soc. Sec.* No. 2:17-cv-896, 2020 WL 2744100, at *13 (S.D. Ohio May 27, 2020)); *Robinson v. Comm'r of Soc. Sec.*, No. 17-cv-12202, 2018 WL 2437560, at *11-12 (E.D. Mich. May 8, 2018) ("There exists no analogous requirement for the ALJ to account for non-medically determinable impairments past step two[.]"). "Thus, when a claimant challenges an ALJ's determination that a given impairment is not a medically determinable impairment, the harmless error rule described above does not necessarily apply." *Tavion C. v. O'Malley*, No. 3:23-cv-00154, 2024 WL 713792, at *5 (W.D. Ky. Feb. 21, 2024); *Santiago v. Saul*, No. 3:19-cv-1026, 2020 WL 5511651, at *2 (D. Conn. Sept. 14, 2020) (citing *Cooper v. Comm'r of Soc. Sec.*, No. 17-cv-1058, 2019 WL 1109573, at *5 (W.D.N.Y. Mar. 11, 2019) (where ALJ's finding that plaintiff's condition was not a medically determinable impairment was not supported by substantial evidence, harmless error analysis did not apply, and remand was warranted)). However, "[i]f the ALJ finds the impairment non-medically determinable, yet still includes it in the subsequent RFC, it is harmless error." *Danita F. v. Comm'r of Soc. Sec.*, Civil Action No. 20-13285, 2022 WL 1165724, at *7 (D.N.J. Apr. 20, 2022).

Commissioner enjoys a "zone of choice" within which to decide cases without risking being second-guessed by a court. *Mullen v. Bowen*, 800 F.2d at 545 (6th Cir. 1986) (citation omitted). In any event, the ALJ's decision to consider part-time employment was not a harmful error. *See* 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."); *see also Miller v. Comm'r of Soc. Sec.*, 524 F. App'x 191, 194 (6th Cir. 2013) ("[T]he ALJ did not err by considering [claimant's] ability to maintain part-time employment as one factor relevant to the determination of whether he was disabled."). Thus, the Court overrules Plaintiff's second objection.

## IV.

**IT IS ORDERED** that the R&R (ECF No. 15) is **APPROVED** and **ADOPTED** as the opinion of the Court.

Dated: July 10, 2025

PAUL L. MALONEY
UNITED STATES DISTRICT JUDGE